COPY

ADR   E-FILING

1   **DAVID R. OWENS**, State Bar No. 180829
    dowens@owenstarabichi.com
2   **BRUNO W. TARABICHI**, State Bar No. 215129
    btarabichi@owenstarabichi.com
3   **OWENS TARABICHI LLP**
    111 N. Market St., Suite 730
4   San Jose, California 95113
    Telephone: 408-298-8200
5   Facsimile: 408-521-2203

6   Attorneys for Plaintiffs
    Clip Ventures LLC
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11                CV10-    4739 BY FAX          LB

12   CLIP VENTURES LLC, a California
     limited liability company,            **PLAINTIFF CLIP VENTURES LLC'S**
13                                          **COMPLAINT FOR FALSE PATENT**
                   Plaintiff,               **MARKING**
14
             vs.
15
     JOE LEIGHTON & ASSOCIATES, INC.,
16   a California corporation, doing business as
     CANTERBURY ENTERPRISES,
17
                   Defendant.
18

19       Plaintiff Clip Ventures LLC ("Clip Ventures"), by its attorneys, Owens Tarabichi LLP, for

20   its Complaint in this action alleges:

21                              **PARTIES**

22       1.     Clip Ventures is a California limited liability company having its principal place of

23   business at 171 Main Street #139, Los Altos, California 94022.

24       2.     Joe Leighton & Associates, Inc. is a California corporation doing business as

25   Canterbury Enterprises ("Canterbury") and having a principal place of business at 440 E.

26   Harrison Street, Corona, California 92879.

27                       **JURISDICTION AND VENUE**

28       3.     This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331,

1338(a) as this action involves claims arising under the U.S. Patent Act of 1952, as amended, 35 U.S.C. §§ 1 *et seq.* Specifically, this action involves claims arising under 35 U.S.C. § 292 for false patent marking.

4.      Canterbury is subject to personal jurisdiction in this district because it is physically present and domiciled in California and because Canterbury markets and sells its products in California and in this district.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Canterbury is subject to personal jurisdiction in this district and resides in this district, and because a substantial part of the events or omissions giving rise to the claim(s) occurred in this district, namely the marketing and selling of falsely marked products in this district.

## INTRADISTRICT ASSIGNMENT

6.      Pursuant to N.D. Civil Local Rule 3-2(c), this is an intellectual property action and shall be assigned on a district-wide basis.

## FACTS RELEVANT TO ALL CLAIMS

7.      The Patent Act of 1952, 35 U.S.C. § 292, prohibits falsely marking an article with a patent number if that article is unpatented.  This includes marking an article with an expired patent or a patent that does not apply to the article so marked.  Pursuant to 35 U.S.C. § 292, a person or entity who falsely marks shall be fined up to $500 on a per article basis.

8.      The Patent Act also provides a *qui tam* cause of action for false marking.  In bringing a *qui tam* cause of action for false marking, the plaintiff pays 50% of the fine to the U.S. Government and is permitted to retain the remaining 50% of the fine.

9.      Accordingly, as a matter of public policy, the federal government has incentivized the consuming public, competitors, and others to identify falsely marked articles and bring a *qui tam* action.  This is because falsely marking articles injures the public in several ways, including, but not limited to, (i) deterring innovation and stifling competition in the marketplace; (ii) encouraging unnecessary investment in design around efforts; and (iii) inflating consumer demand for an article that the public believes is unique and without competition.

10.      In the instant case, Canterbury makes and sells multiple products that are marked

owens tarabichi llp
Counselors At Law

2                CLIP VENTURES LLC'S COMPLAINT

1    with the numbers of patents that do not apply to or cover the product and with the numbers of

2    patents that have expired.

3         11.    Canterbury makes and sells a product entitled "Log Lighter" that is a pipe for

4    delivering fuel, such as propane, to, for example, a piece of wood in a fireplace. The Log Lighter

5    product comes in various lengths of pipe and are sold at retail stores in California, and on

6    information and belief throughout the United States, and through Canterbury's website

7    www.blueflamestore.com.

8         12.    The packaging for the Log Lighter product is marked with the following patent

9    numbers: "420549," "474022," "475851," "479769," and "7055412." The packaging of the Log

10   Lighter product does not designate four of the listed patent numbers (*i.e.*, 420549, 474022,

11   475851, and 479769) as either design patents or utility patents, noting that design patents would

12   normally be designated with a "D" or "Des." preceding each patent number. Assuming that these

13   numbers refer to design patents, U.S. Design Patent Nos. 474,022; 475,851; and 479,769 are

14   entitled "Bar-B-Que, Sauce, Spice, and Accessory Organizer" and are directed to a design for a

15   container for holding such sauces, spices, and accessories. These patents do not cover the Log

16   Lighter product. U.S. Patent No. 7,055,412 is directed to gas valve key and does not cover the

17   Log Lighter product. In other words, four out of the five patent numbers listed are not applicable

18   to the Log Lighter product. Nonetheless, Canterbury has sold and continues to sell its Log

19   Lighter products marked with these inapplicable patent numbers.

20        13.    Construing patent numbers 420549, 474022, 475851, and 479769 as utility patent

21   numbers, "420549" refers to a patent for a hydraulic elevator dated February 1890; "474022"

22   refers to a patent for a process of separating and cleaning coal and other minerals dated May

23   1892; "475851" refers to a patent for refrigerator building dated May 1892; and "479769" refers

24   to a patent for a hot air furnace dated July 1892. None of these patents cover the Log Lighter

25   product and each has expired well over 100 years ago. Nonetheless, Canterbury has sold and

26   continues to sell its Log Lighter products marked with these expired patent numbers.

27        14.    On information and belief, each of the variously sized Log Lighter products made

28   and sold by Canterbury are so marked.

owens tarabichi llp
Counselors At Law

3                    CLIP VENTURES LLC'S COMPLAINT

15.     Canterbury also makes and sells "Universal Gas Valve Keys." These keys are available in various lengths and finishes, including, but not limited to, a three inch key and an eight inch key. The Universal Gas Valve Key products are sold at retail stores in California, and on information and belief throughout the United States, and through Canterbury's website www.blueflamestore.com.

16.     The packaging for one of Canterbury's three inch gas valve keys is marked with the following patent numbers: "420549," "474022," "475851," "479769," and "7055412." The packaging for this three inch gas valve key product does not designate four of the listed patent numbers (*i.e.*, 420549, 474022, 475851, and 479769) as either design patents or utility patents, noting that design patents would normally be designated with a "D" or "Des." preceding each patent number. Assuming that these numbers refer to design patents, U.S. Design Patent Nos. 474,022; 475,851; and 479,769 are entitled "Bar-B-Que, Sauce, Spice, and Accessory Organizer" and are directed to a design for a container for holding such sauces, spices, and accessories and do not cover the gas valve key product. U.S. Design Patent No. 420,549 is directed to a gas lighter and does not cover the gas valve key product. In other words, four out of the five patent numbers listed are not applicable to this Universal Gas Valve Key product. Nonetheless, Canterbury has sold and continues to sell this Universal Gas Valve Key product marked with these inapplicable patent numbers.

17.     Construing patent numbers 420549, 474022, 475851, and 479769 as utility patents, "420549" refers to a patent for a hydraulic elevator dated February 1890; "474022" refers to a patent for a process of separating and cleaning coal and other minerals dated May 1892; "475851" refers to a patent for refrigerator building dated May 1892; and "479769" refers to a patent for a hot air furnace dated July 1892. None of these patents cover this three inch Universal Gas Valve Key product and each has expired over 100 years ago. Nonetheless, Canterbury has sold and continues to sell this three inch Universal Gas Valve Key product marked with these expired patent numbers.

18.     On information and belief, packaging similar to that described in paragraphs 16 and 17 is also used in connection with one of Canterbury's eight inch Universal Gas Valve Key

1    products. Despite the inapplicability of U.S. Design Patent Nos. 420,549; 474,022; 475,851; and

2    479,769 and/or the inapplicability and expiration of U.S. Patent Nos. 420549, 474022, 475851,

3    and 479769, Canterbury has sold and continues to sell this eight inch Universal Gas Valve Key

4    product marked with these inapplicable and/or expired patent numbers.

5         19.    The packaging for another one of Canterbury's three inch Universal Gas Valve

6    Key products and the packaging for one of its eight inch Universal Gas Valve Key products each

7    lists the following patent numbers: 7,316,435; 7,520,549; D475,851; D525,792; D536,526;

8    D420,549; D474,022; D479,769; and D526,783. Of these nine patent numbers, U.S. Patent Nos.

9    7,316,435; 7,520,549; D525,792; D536,526; and D526,783 are directed to a propane tank and

10   carrier and do not cover a gas valve key product. U.S. Design Patent Nos. D475,851; D474,022;

11   and D479,769 are entitled "Bar-B-Que, Sauce, Spice, and Accessory Organizer" and are directed

12   to a design for a container for holding such sauces, spices, and accessories and do not cover these

13   gas valve key products. Finally, U.S. Design Patent No. D420,549 is directed to a gas lighter and

14   does not cover these gas valve key products. In other words, none of the nine patents listed apply

15   to these Universal Gas Valve Key products. Nonetheless, Canterbury has sold and continues to

16   sell these Universal Gas Valve Key products marked with these inapplicable patent numbers.

17        20.    As evidenced by its packaging as described above, Canterbury has obtained at

18   least 10 U.S. patents, with the earliest of them having been filed in January 21, 1999. Therefore,

19   Canterbury is a sophisticated company that has significant experience in applying for and

20   obtaining U.S. patents, such experience being gained over a more than 10 year period of time.

21        21.    Lisa Leighton is named as an inventor on each of the patents listed on the

22   packaging of the Log Lighter and the Universal Gas Valve Key products, including the

23   inapplicable patents directed to the Bar-B-Que, Sauce, Spice, and Accessory Organizer and to the

24   propane tank and carrier.

25        22.    Ms. Leighton is also listed as an inventor on nine published U.S. patent

26   applications, including U.S. Patent Application Publication Nos. 20100236364, entitled

27   "Telescoping Universal Gas Valve Key;" 20100116100 entitled "Telescoping Universal Gas

28   Valve Key;" 20080296921, entitled "Ergonomic Propane Tank Carrier and Stabilizer;"

owens tarabichi llp
Counselors At Law

5                CLIP VENTURES LLC'S COMPLAINT

1   20080016988, entitled "Universal Gas Valve Key;" 20070182178, entitled "Ergonomic Propane

2   Tank Carrier and Stabilizer;" 20060201284, entitled "Universal Gas Valve Key;" 20060011881,

3   entitled "Universal Gas Valve Key;" 20050275233, entitled "Ergonomic Propane Tank Carrier

4   and Stabilizer;" and 20050139042, entitled "Universal Gas Valve Key."

5          23.    Ms. Leighton is also listed as the inventor on yet three additional U.S. patents,

6   including U.S. Patent Nos. D545,056, entitled "Backpack Briefcase;" 5,524,296, entitled

7   "Plunger Device;" and 5,384,918, entitled "Plunger Device."

8          24.    Accordingly, Ms. Leighton is listed as an inventor on 13 U.S. patents and nine

9   U.S. patent application publications, with her earliest patent application (the application resulting

10  in U.S. Patent No. 5,384,918) having been filed in June 8, 1993.  Therefore, Ms. Leighton also

11  has significant experience in applying for and obtaining U.S. patents, such experience being

12  gained over a more than 17 year period of time.

13         25.    On information and belief, Lisa Leighton participates in the management of

14  Canterbury as the CEO, and her experience and knowledge regarding patents is imputed to

15  Canterbury.

16         26.    On information and belief, Canterbury and/or Lisa Leighton hired the law firm of

17  Stetine Brunda Garred & Brucker to prosecute each of the patent applications that resulted in the

18  patents listed on the Log Lighter and the Universal Gas Valve Key products.

19         27.    On information and belief, Lisa Leighton also hired the law firm of Stetine Brunda

20  Garred & Brucker to prosecute each of the patent applications that resulted in U.S. Patent Nos.

21  D545,056; 5,524,296; and 5,384,918 for which Lisa Leighton is also a named inventor.

22         28.    On information and belief, each of Lisa Leighton and/or Canterbury were apprised

23  by the law firm of Stetine Brunda Garred & Brucker of the fact that patents only cover the

24  invention as claimed or as recited in the claims of a given patent.

25         29.    In fact, Canterbury instituted a patent infringement action in the Central District of

26  California against Log Lighter Sales, Inc. for infringement of Canterbury's U.S. Patent No.

27  7,055,412 in June 2007 (Case No. 2:07-cv-04254-ABC-RC), which is directed to a gas valve key.

28  Based on this case, Canterbury is aware that patents can only be asserted against infringers that

owens tarabichi llp
Counselors At Law

                                    6                  CLIP VENTURES LLC'S COMPLAINT

1   make or sell a product that is covered by the claims of the patent being asserted, as Canterbury

2   did not assert against the defendant in this case any of its other patents that are listed on the

3   packaging of its gas valve key products, as described above, such as those patents directed to

4   "Bar-B-Que, Sauce, Spice, and Accessory Organizers." Therefore, Canterbury is clearly aware

5   that patents only cover or protect the product or product features that are claimed in the patent.

6        30.     Moreover, Canterbury instituted a second patent infringement action in the Central

7   District of California against Imperial Sheet Metal, Ltd. for infringement of Canterbury's U.S.

8   Patent No. 7,055,412 in June 2007 (Case No. 2:07-cv-04257-PA-RZ).  The filing of a second

9   patent infringement lawsuit further exemplifies Canterbury's sophistication about patents and

10  their understanding that patents only cover or protect the product or product features that are

11  claimed in the patent, as, again, Canterbury did not assert against the defendant in this case any of

12  its other patents that are listed on the packaging of its gas valve key products, as described above.

13       31.     As such, on information and belief, both Canterbury and Lisa Leighton understand

14  the value of patents, including the benefit of obtaining a patent to prevent others from making,

15  using, and selling the invention protected by a given patent and the fact that patents only prevent

16  others from performing such acts for products that fall within the scope of a given patent's claims.

17       32.     On information and belief, Canterbury decided which patent numbers to list on the

18  packaging of its Log Lighter and Universal Gas Valve Key products.  Accordingly, Canterbury,

19  with the knowledge that patents only cover or protect certain products or product features as

20  claimed in the patent, decided to list inapplicable and/or expired patent numbers on the packaging

21  for those products.

22       33.     On information and belief, Canterbury periodically reviewed the list of patents for

23  its Log Lighter and Universal Gas Valve Key products and periodically altered that list to add

24  newly issued patent(s).  And, despite its knowledge that several of the patents did not apply to

25  these products, persisted in marking those products with such inapplicable and/or expired patent

26  numbers.

27       34.     On information and belief, Canterbury's listing of inapplicable and/or expired

28  patent numbers on its Log Lighter and Universal Gas Valve Key products was done for the

owens tarabichi llp
Counselors At Law

7

CLIP VENTURES LLC'S COMPLAINT

1    purpose of deceiving, and with an intent to deceive, the public to thereby, without limitation, gain

2    a commercial advantage over its competitors and to deter development of competing products.

### FIRST CLAIM FOR RELIEF
3
### FALSE MARKING PURSUANT TO 35 U.S.C. § 292
4

5        35.    Paragraphs 1–34, above, are realleged and incorporated by reference as if set forth

6    in full.

7        36.    Canterbury makes and sells a Log Lighter and both three inch and eight inch

8    Universal Gas Valve Key products.

9        37.    Canterbury marks its Log Lighter product with patent numbers: 420549, 474022,

10   475851, 479769, and 7055412.  Patent numbers 474022, 475851, 479769 are either U.S. design

11   patents that do not cover the Log Lighter product or, along with patent number 420549, are

12   expired U.S. utility patents that also do not cover the Log Lighter product.  U.S. Patent No. 7,

13   055,412 similarly does not cover the Log Lighter product.  Therefore, at least four of the five

14   listed patents do not apply to the Log Lighter product.

15       38.    Despite the inapplicability or expiration of these patent numbers, Canterbury

16   continues to mark its Log Lighter product with these patent numbers and continues to sell this

17   product to this day in California and, on information and belief, throughout the United States.

18       39.    Canterbury knows that these patent numbers are inapplicable and/or expired

19   relative to its Log Lighter product, yet it marked and continues to mark this product with these

20   patent numbers for the purpose of deceiving, and with an intent to deceive, the public into

21   believing that its product is covered by such patents.

22       40.    Canterbury marks one of its three inch Universal Gas Valve Key products, and, on

23   information and belief, one of its eight inch Universal Gas Valve Key products with the following

24   patent numbers: 420549, 474022, 475851, and 479769.  These patent numbers are either U.S.

25   design patent that do not cover this three inch Universal Gas Valve Key product or, on

26   information and belief, the eight inch Universal Gas Valve Key product with similar packaging,

27   or are expired U.S. utility patents that also do not cover this three inch Universal Gas Valve Key

28   product or, on information and belief, the eight inch Universal Gas Valve Key product with

1    similar packaging.

2        41.    Despite the inapplicability or expiration of these patent numbers, Canterbury

3    continues to mark this three inch Universal Gas Valve Key product and, on information and

4    belief, the eight inch Universal Gas Valve Key product with similar packaging, with these patent

5    numbers and continues to sell these products to this day in California and, on information and

6    belief, throughout the United States.

7        42.    Canterbury knows that these patent numbers are inapplicable and/or expired

8    relative to its three inch Universal Gas Valve Key product and, on information and belief, its

9    eight inch Universal Gas Valve Key product with similar packaging, yet it marked and continues

10   to mark its three inch Universal Gas Valve Key product and, on information and belief, its eight

11   inch Universal Gas Valve Key product with similar packaging, with these patent numbers for the

12   purpose of deceiving, and with an intent to deceive, the public into believing that these products

13   are covered by such patents.

14       43.    Canterbury marks another one of its three inch Universal Gas Valve Key products

15   and another one of its eight inch Universal Gas Valve Key products with the following patent

16   numbers: 7,316,435; 7,520,549; D475,851; D525,792; D536,526; D420,549; D474,022;

17   D479,769; and D526,783.  None of these patents apply to or cover either of these Universal Gas

18   Valve Key products.

19       44.    Despite the inapplicability of these patent numbers, Canterbury continues to mark

20   these three inch and eight inch Universal Gas Valve Key products with these patent numbers and

21   continues to sell these products to this day in California and, on information and belief,

22   throughout the United States.

23       45.    Canterbury knows that these patent numbers are inapplicable relative to these three

24   inch and eight inch Universal Gas Valve Key products, yet it marked and continues to mark these

25   products with these patent numbers for the purpose of deceiving, and with an intent to deceive,

26   the public into believing that these products are covered by such patents.

27       46.    Pursuant to 35 U.S.C. §292, Canterbury has falsely marked its Log Lighter and

28   certain of its three inch and eight inch Universal Gas Valve Key products and should be penalized

owens tarabichi llp
Counselors At Law

9

CLIP VENTURES LLC'S COMPLAINT

1  $500 per falsely marked product.

2  ## PRAYER FOR RELIEF

3       WHEREFORE, Clip Ventures prays for judgment against Canterbury and relief as

4  follows:

5       (i)       that the Court declare, adjudge, and decree that Canterbury violated 35 U.S.C. §

6  292 by falsely marking its unpatented articles with inapplicable and/or expired patent numbers;

7       (ii)      that, pursuant to 35 U.S.C. § 292(b), the Court fine Canterbury in the amount of

8  $500 for each falsely marked article, with half of the fine payable to Clip Ventures and the other

9  half payable to the United States;

10      (iii)     that, pursuant to 35 U.S.C. § 285, Clip Ventures recover its reasonable attorneys'

11  fees;

12      (iv)      that Clip Ventures recover the costs of this action, including attorneys' fees and

13  interest; and

14      (v)       such other and further relief that this Court may deem just and equitable.

15

16  Date:    October 19, 2010                    Respectfully Submitted,

17

18                                              **OWENS TARABICHI LLP**

19

20                                              David R. Owens
                                                Bruno W. Tarabichi
21                                              Attorneys for Plaintiff
                                                Clip Ventures LLC
22

23

24

25

26

27

28